

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Lon Alsup, Executive Secretary
State Commission for the Blind
Land Office Building
Austin, Texas

Dear Sir:                    Opinion No. O-5618
                             Re: Procedure by State Commis-
                                 sion for Blind to recover
                                 Talking Book Machine Loaned
                                 to individual.

        Your request for an opinion on the above captioned
subject has been received and carefully considered. We quote
from your letter, dated September 16, 1943, to-wit:

        "The State Commission for the Blind is the
    distributing agency for Talking Book Machines which
    are loaned to adult blind persons in this area. We
    have loaned more than six hundred of these machines
    to blind readers over the state.

        "On Monday, the 13th of September, 1943, I was
    in El Paso, Texas. I called Miss Anita Blair and
    advised her that she was not keeping faith with her
    contract which she had made with the Commission for
    the Blind in regard to the proper use of the Talk-
    ing Book Machine. I told her that under the circum-
    stances, I would be compelled to take up the machine.
    She advised me that she was not going to let me
    take the machine under any circumstances and that
    she was going to get a lawyer so as to prohibit the
    State Commission for the Blind from taking the ma-
    chine from her. I tried to reason with her, but to
    no avail. She also advised me that if it was nec-
    essary, she would take the matter up with her Cong-
    ressman in Washington.

        "After the conversation with Miss Blair, I con-
    tacted Mr. Guinn, who is county attorney of El Paso

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

County. I showed him the contract and gave him the reason that it was necessary for the department to pick up the Talking Book Machine. Mr. Guinn called Miss Blair over the telephone and advised her to let me pick up the machine, but she refused and said that she was going to get a lawyer to assist her in the matter.

"The county attorney agreed to handle the case for the State Commission for the Blind. He advised me, however, that it would be necessary for the agency to make a bond twice the cost of the machine. I left the original contract with the county attorney with the understanding that he would prepare the necessary papers and have our representative, Miss Theo Mitchell, properly sign all legal papers. I do not believe that it is necessary for the department to make a bond in this case.

"   .   .   .   .

"In order that you may have accurate information as to how we lend these machines to blind persons of this state, we are hereto attaching a copy of our agreement with the Library of Congress, Washington, D. C., as well as copy of the contract or agreement which this department has with borrowers of these machines.

"Since it is evident that Miss Blair does not intend to give up or return the machine to the State Commission for the Blind on her own initiative or at the request of the department, we most respectfully request you to advise us as to the proper procedure this department must follow in order to gain possession of Talking Book Machine Model 10, Serial No. 3721. If you desire further information from this department in regard to this matter, we will be happy to furnish same."

We have examined the form of agreement between The Library of Congress and State Commission for the Blind and the Agreement covering the loan of a Talking Book Machine to Anita Blair, which were attached to your letter.

Honorable Lon Alsup, page 3

Sections 2, 3 and 4 of Article 3207a of Vernon's Civil Statutes, provide as follows:

"Sec. 2. The State Commission for the Blind shall maintain a Bureau of Information, the object of which shall be to aid the blind whose training is not otherwise provided for, in finding employment, in developing home industries among the blind, and in marketing their products. The Commission shall in its discretion furnish materials, tools and books for the use as a means in rehabilitating such persons, and it may establish workshops and salesrooms, and shall have authority to use any receipts or earnings that accrue from the operation of industrial schools, salesrooms or workshops as provided in this Chapter, but detailed statement of receipts or earnings and expenditures shall be made monthly to the Auditor of the State. Through the employment of teachers the Commission may give instruction to adult blind persons in their homes; provided that it shall not undertake the permanent support or maintenance of any blind person. The Commission may also register cases of persons whose eye-sight is seriously defective or who are likely to become visually handicapped or blind, and take such measures, in cooperation with other authorities, as it may deem advisable for the prevention of blindness or conservation of eyesight, and in appropriate cases, for the education of children and for the vocational guidance of adults having seriously defective sight. The Commission may receive gifts, bequests, or devises from individuals, associations or corporations, and may expend them in accordance with the provisions of this Act.

"Sec. 3. The State Commission for the Blind may appoint and fix the compensation of an executive secretary and such other workers as maybe necessary to make effective the purposes of this Act within the appropriations provided.

"Sec. 4. The Commission shall make a detailed report to the Legislature by January 1st of each biennium in which it convenes, showing all appropriations received and how the same have been expended,

Honorable Lon Alsup, page 4

and covering its activities and accomplishments and making recommendations therein for the further improvement of the conditions of the blind in the State."

There is no statute authorizing the State Commission for the Blind to maintain a suit in the name of the State of Texas and there is nothing in the agreement between The Library of Congress and the State Commission for the Blind giving or conveying any interest in the talking book machine to the State of Texas. The agreement leaves the title and control of the talking book machine in the Library of Congress. The law is well settled that no one has the right to file a suit in the name of the State of Texas unless the State has an interest in the subject sued for and it follows that the State could not be held liable for the court costs and expense of such a suit.

We therefore suggest that you request the Library of Congress to advise you in the matter submitted herewith.

Very truly yours

APPROVED OCT 1, 1943

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By

Jesse Owens
Assistant

JO:db



APPROVED OPINION COMMITTEE BY BWB CHAIRMAN